Davis, J.,
delivered the opinion of tbe court:
Defendants plead that plaintiff was not a citizen of tbe United States in 1861, when tbe alleged loss at tbe bands of Indians in Texas was sustained, and therefore tbe court is without jurisdiction to consider tbe case.
Plaintiff, a native of Germany, went to Texas in July, 1845, shortly before tbe admission of Texas as a State into tbe Union, He says be made a preliminary declaration of intent to become a citizen in San Antonio in 1854. No further evidence as to bis naturalization is given, but evidence is introduced by tbe defendants tending to show the absence of any record of naturalization, from 1847, of anyone of plaintiff’s name in tbe courts of San Antonio, Tex., where such record should appear if it exist.
*476 Plaintiff urges that by the admission of Texas to the Union, as then an “inhabitant” of the State, he became a citizen of the United States. When the State was admitted, December 29,1845 (9 S. L., 108), plaintiff was not a citizen, but aG-erman subject lately arrived in Texas. He was on that date an inhabitant of the State, but he was not a citizen of the State.
the descendants of Africans, and Indians excepted) who were residing in Texas on the day of the declaration of independence shall be considered citizens of the Republic.” (Sec. 10.) The date of the declaration of independence was March 2, 1836.
Plaintiff went to Texas in July, 1845, less than six months before December 29, 1845, the date when the State was admitted to the Union. At the date of this admission of the State, then, he was a German subject residing- in Texas.
It is not to be assumed that Texas intended that through a general statute all aliens within their territorial jurisdiction should become citizens without the opportunity or right on their part to exercise any volition.
The statute purports to naturalize all inhabitants of Texas who were such March 2, 1836, the day of the declaration of independence. Plaintiff, however, was not then an inhabitant of Texas, as he first went there in July, 1845. It is incumbent upon plaintiff to prove affirmatively that he has been naturalized as a citizen of the United States. This he has not done, and the petition is dismissed.